UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL KENT,<br><br>        Plaintiff,<br><br>v.<br><br>SYNACOR, INC., KEVIN M. RENDINO, HIMESH BHISE, ELISABETH B. DONOHUE, MARWAN FAWAZ, ANDREW KAU, and MICHAEL J. MONTGOMERY,<br><br>        Defendants. | Case No._____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Michael Kent ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action against Synacor, Inc. ("Synacor" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"). By the action, Plaintiff seeks to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction that would see Centre Lane Partners, LLC ("Centre Lane") through CLP SY Holding,

LLC ("Parent") and SY Merger Sub Corporation ("Purchaser") acquire Synacor (the "Proposed Transaction").

2. On February 11, 2021, Synacor announced its entry into an Agreement and Plan of Merger (the "Merger Agreement") dated the preceding day to sell Synacor to Centre Lane. Pursuant to the Merger Agreement, Centre Lane will acquire all of Synacor's outstanding shares for $2.20 in cash per share of Synacor common stock (the "Offer Price"). Purchaser commenced the Tender Offer on March 3, 2021, and it is scheduled to expire at 12:00 midnight, New York City time, on March 30, 2021. The Proposed Transaction is valued at approximately $92 million.

3. On March 3, 2021, Synacor filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement solicits the Company's stockholders tender their shares in favor of the Tender Offer, omits or misrepresents material information concerning, among other things: (a) Synacor management's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Canaccord Genuity LLC ("Canaccord"); (b) the background of the Proposed Transaction; and (iii) Company insiders' potential conflicts of interest. Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act.

4. In short, the Proposed Transaction will unlawfully divest Synacor's public stockholders of the Company's valuable assets without fully disclosing all material information concerning the Proposed Transaction to Company stockholders. To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such problems are remedied.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.  This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. Synacor's common stock trades on Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

**PARTIES**

8.  Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Synacor.

9.  Defendant Synacor is a Delaware corporation with its principal executive offices located at 40 La Riviere Drive, Suite 300, Buffalo, New York 14202. The Company is a cloud-based software and services company serving global video, internet and communications providers, device manufacturers, governments and enterprises. Synacor's common stock is traded on the Nasdaq Global Select Market under the ticker symbol "SYNC."

10. Defendant Kevin M. Rendino ("Rendino") is Interim Chairman of the Board and has been a director of the Company since March 2019.

11. Defendant Himesh Bhise ("Bhise") has been President, Chief Executive Officer ("CEO") and a director of the Company since August 2014.

12. Defendant Elisabeth B. Donohue ("Donohue") has been a director of the Company since May 2017.

13. Defendant Marwan Fawaz ("Fawaz") has been a director of the Company since December 2011.

14. Defendant Andrew Kau ("Kau") has been a director of the Company since December 2000.

15. Defendant Michael J. Montgomery ("Montgomery") has been a director of the Company since December 2011.

16. Defendants identified in paragraphs 10 to 15 are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

17. Founded in 2007, Centre Lane is a private investment firm that invests in the equity and debt of middle market companies in North America. Centre Lane employs a flexible strategy that approaches situations with a solutions orientation and seeks to partner with strong management teams that can benefit from patient, long-term capital and Centre Lane's operational, financial and strategic expertise and support.

18. Parent is a Delaware limited liability company and affiliated with investment funds managed by entities controlled by Centre Lane.

19. Purchaser is a Delaware corporation and an indirect, wholly owned subsidiary of Parent.

## SUBSTANTIVE ALLEGATIONS

**Company Background**

20. Synacor is a digital technology company that provides email and collaboration software, cloud-based identity management platforms, managed web and mobile portals, and advertising solutions. The Company's customers include communications providers, media companies, government entities and enterprises. Synacor offers enterprise software platforms and monetization solutions delivered through public and private cloud software-as-a-service, software licensing, and professional services. The Company's platforms enable clients to deepen engagement with their consumers and users.

21. On February 11, 2021, Synacor announced its preliminary fourth quarter 2020 financial results and business highlights, including, revenue of approximately $24.0 million, exceeding the previously announced guidance of $20.0 million to $22.0 million, GAAP net income of approximately $0.0 million, exceeding the previously announced guidance of GAAP net loss of $0.5 million to $1.1 million, and adjusted EBITDA of approximately $3.5 million, exceeding the previously announced guidance of $2.5 million to $3.1 million. Defendant Bhise commented on the results, stating:

> I am proud of our team that delivered strong fourth quarter results exceeding our previously issued guidance. This is continued evidence of our successful transformation into a world-class Enterprise SaaS company. Our performance was driven by continued double-digit growth in Zimbra Enterprise SaaS plus Cloud ID SaaS revenue, and benefited from a pronounced recovery in our publisher advertising business.

**The Proposed Transaction**

22. On February 11, 2021, Synacor issued a press release announcing the Proposed Transaction. The press release states, in relevant part:

> BUFFALO, N.Y.-- Synacor, Inc. (Nasdaq: SYNC), a leading provider of cloud-based Collaboration and Identity Management software and services serving global enterprises, video, internet and communications providers, and governments, today announced that it has entered into a definitive agreement and plan of merger with an affiliate of Centre Lane Partners, LLC, a New York-based private investment firm, to be acquired in an all-cash transaction that values Synacor at approximately $92 million.
>
> Under the terms of the agreement, Centre Lane will commence a tender offer to acquire all of the outstanding common shares of Synacor for $2.20 in cash per share. This represents a 29% premium to the 60-day volume weighted average stock price as of February 10, 2021. Synacor's Board of Directors has unanimously approved the agreement.
>
> Himesh Bhise, Chief Executive Officer of Synacor, commented, "Partnering with Centre Lane, a firm with $2 billion of capital under management and an established track record of helping software companies scale, provides our stockholders with compelling value while benefiting our customers and employees. Our Board of Directors has thoroughly and carefully considered our alternatives and believes the Centre Lane proposal is the best path forward for the company. The Synacor team looks forward to working with Centre Lane to scale the business and deepen our value proposition to customers."
>
> "We are thrilled to support the continued growth and evolution of Synacor," said Kenneth Lau, Managing Director of Centre Lane. "Himesh and his team have transformed Synacor into a world-class Enterprise SaaS company, while absorbing the costs and navigating the requirements of being publicly traded. We look forward to combining our expertise and capital resources with Synacor's talented team to further enhance its Identity, Collaboration and Advertising products, expand its customer pipeline and scale the business."
>
> Under the terms of the agreement, Centre Lane will commence a tender offer to acquire all issued and outstanding shares of Synacor common stock for $2.20 per share in cash. The transaction is subject to customary closing conditions and regulatory approvals, including the tender of a majority of the issued and outstanding shares of Synacor common stock. Centre Lane has committed capital to complete the transaction and receipt of financing by Centre Lane is not a condition to closing. Centre Lane has also entered into tender and support agreements with certain stockholders represented on the Synacor Board, under which they have committed to tender all of their Synacor shares in the tender offer, which represent approximately 18% of Synacor's issued and outstanding shares.

Following completion of the tender offer, Centre Lane will acquire all remaining shares of Synacor at the same price of $2.20 per share in cash through a second-step merger. The closing of the transaction is expected to take place during or prior to the second quarter of 2021. Following completion of the transaction, Synacor's common stock will be delisted from the Nasdaq Stock Market and deregistered under the Securities Exchange Act of 1934, as amended.

**The Recommendation Statement Contains Material Misstatements or Omissions**

28. The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Synacor's stockholders. The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal.

29. Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) Synacor management's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Canaccord; (b) the background of the Proposed Transaction; and (c) Company insiders' potential conflicts of interest.

*Material Omissions Concerning Synacor Management's Financial Projections and Canaccord's Financial Analyses*

30. The Recommendation Statement omits material information regarding Company management's financial projections. For example, in connection with Canaccord's *Discounted Cash Flow Analysis ("DCF")*, the Recommendation Statement fails to disclose the Company's unlevered free cash flows ("UFCFs") for calendar years 2021 through 2024 utilized by Canaccord in its *DCF,* despite the fact that the Recommendation Statement discloses at page 34 that Canaccord "utilized the Company Forecasts to determine the unlevered free cash flows of the

7

Company for *calendar years* 2021 through 2024." Instead, the Recommendation Statement discloses Synacor's UFCFs for *fiscal years* 2021 through 2024.

31. That, however, is not the only undisclosed information as it relates to the projections that Canaccord used for its *DCF* analysis. Specifically, the Recommendation Statement also fails to disclose all line items underlying the calculation of: (a) adjusted EBITDA, including, (a) operating income, (b) interest, (c) taxes, and (d) depreciation and amortization; and (b) unlevered free cash flow for fiscal years 2021-2024, including, (a) operating income after tax, (b) depreciation and amortization expense, (c) capital expenditures, and (d) changes in net working capital.

32. The Recommendation Statement describes Canaccord's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Canaccord's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Synacor's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Canaccord's fairness opinion in determining whether to tender their shares in the Tender Offer or seek appraisal. AS such,

33. For instance, the Recommendation Statement fails to disclose: (a) the Company's UFCFs for calendar years 2021 through 2024 utilized by Canaccord; (b) the terminal value of the Company; (c) the inputs and assumptions underlying the discount rate range of 13.0% to 15.0%; and (d) the Company's fully diluted outstanding shares as provided by Synacor management as used by Canaccord in its *DCF* analysis.

34. The omission of this information renders the statements in the "Certain Company Management Forecasts" and "Opinion of the Financial Advisor to the Company Board" sections

of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Background of the Proposed Transaction***

35. The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

36. For example, the Company entered into non-disclosure agreements with parties referred to in the Recommendation Statement as Companies A, B, C, E, F, and I, and approximately 14 additional parties. Additionally, the Recommendation Statement sets forth that Synacor and a party referred to in the Recommendation Statement as "Company D" previously entered into a merger agreement on February 11, 2020, which was subsequently terminated on June 29, 2020. Further, parties referred to as "Company G" and "Company H" expressed interest in a transaction with the Company. Yet, the Recommendation Statement fails to disclose whether Companies D, G, and H entered into non-disclosure agreements with Synacor, as well as the terms of all non-disclosure agreements the Company executed with interested parties. Specifically, the Recommendation Statement fails to disclose whether the non-disclosure agreements include "don't-ask, don't-waive" ("DADW") standstill provisions that are presently precluding any of these potential counterparties from submitting a topping bid for the Company.

37. The failure to disclose the existence of DADW provisions creates the false impression that any of the potential bidders who entered into non-disclosure agreements could make a superior proposal for the Company. If those non-disclosure agreements contain DADW provisions, then those potential bidders can only make a superior proposal by (a) breaching the non-disclosure agreement—as in order to make the superior proposal, they would need to ask for a waiver, either directly or indirectly; or by (b) being released from the agreement, which if action has been done, is omitted from the Recommendation Statement.

38. Any reasonable Synacor stockholder would deem the fact that the most likely topping bidders for the Company may be precluded from making a topping bid for the Company to significantly alter the total mix of information.

39. The omission of this information renders the statements in the "Background of the Offer" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Company Insiders' Potential Conflicts of Interest*

40. The Recommendation Statement fails to disclose material information concerning the potential conflicts of interest faced by Company insiders.

41. For example, the Recommendation Statement sets forth, "[a]s of the date of this Schedule 14D-9, Parent and Purchaser have informed the Company that none of the Company's current executive officers have entered into any new agreement, arrangement or understanding with Parent, Purchaser or their affiliates regarding employment or retention with the Surviving Corporation." *Id.* at 12. Yet, the Recommendation Statement fails to disclose whether any of Centre Lane's proposals or indications of interest mentioned management retention or participation in the combined company.

42. Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for Synacor's stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

43. The omission of this information renders the statements in the "Background of the Offer" and "Arrangements with Current Executive Officers, Directors and Affiliates of the Company" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

44. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other Synacor stockholders will be unable to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations
of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

23. Plaintiff repeats all previous allegations as if set forth in full.

24. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Synacor stockholders to tender their shares in the Tender Offer.

25. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

26. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

27. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

28. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Synacor, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

29. Plaintiff repeats all previous allegations as if set forth in full.

30. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

31. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

32. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

33. Plaintiff repeats all previous allegations as if set forth in full.

34. The Individual Defendants acted as controlling persons of Synacor within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Synacor and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

35. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

36. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

37. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

38. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

39. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Synacor, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 16, 2021

**OF COUNSEL:**

**LONG LAW, LLC**
Brian D. Long
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100

**WEISSLAW LLP**
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, New York 10036
Tel: (212) 682-3025
Fax: (212) 682-3010

*Attorneys for Plaintiff*